IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF:    I.L. | ) ) ) ) ) ) | CIVIL ACTION NO. 1:24-00403-TFM-N |

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge on review *sua sponte* of the Court's subject-matter jurisdiction.[1] Upon due consideration, the undersigned finds that subject-matter jurisdiction is lacking, and that this case is therefore due to be remanded *sua sponte*.

"I.D.," proceeding without counsel (*pro se*), removed this child dependency proceeding[2] from the Juvenile Court of Mobile County, Alabama (Case No. JU-2021-001424) to this Court, with the Notice of Removal (Doc# 1) asserting

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* See also *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

[2] *See* Ala. Code § 12-15-301, *et seq.*

removal under 28 U.S.C. § 1441(a) and alleging federal question under 28 U.S.C. § 1331 as the sole basis for the Court's original subject-matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."). Where a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

"The statutory grant of federal question jurisdiction provides the federal district courts with jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' " *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting 28 U.S.C. § 1331). 'As a general rule, a case arises under federal law only if it is federal law that creates the cause of action.' " *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule. In plain terms, unless the

face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." *Ervast v. Flexible Prod. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) (citations omitted). *Accord, e.g., Cmty. State Bank*, 651 F.3d at 1251 ("The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint."). "Thus, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quotation omitted).

I.D. alleges that the present child dependency action was initiated by the child's maternal grandmother, K.J., filing "her Fifth Dependency Petition." I.D., the child's father, acknowledges that the subject petition only "alleg[es] a state law cause of action[,]" and nothing in the current record suggests that this child custody dispute "arises under federal law."[3] He nevertheless claims that there is federal question jurisdiction over the subject petition because the cause of action "poses a substantial federal question that requires interpretation of federal law." This presumably refers to the test for federal-question jurisdiction set out in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005). The Eleventh Circuit Court of Appeals has recently explained *Grable* and its progeny as follows:

---

[3] I.D. failed to include with his notice of removal "a copy of all process, pleadings, and orders served upon such [him] in [the state court] action[,]" as required by 28 U.S.C. § 1446(a).

> In *Grable*, the Supreme Court recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312, 125 S. Ct. 2363. This doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* But federal courts have rejected a more **"expansive view that [the] mere need to apply federal law in a state-law claim will suffice"** to trigger the doctrine. *Adventure Outdoors, Inc.*[ *v. Bloomberg*], 552 F.3d [1290,] 1300[ (11th Cir. 2008)] (quoting *Grable*, 545 U.S. at 313, 125 S. Ct. 2363).
>
> The *Grable* doctrine provides that even when a state court complaint pleads only state law causes of action "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 185 L.Ed.2d 72 (2013).
>
> However, the *Grable* doctrine is "still governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*[ *v. Williams*], 482 U.S. [386,] 392, 107 S. Ct. 2425[, 96 L. Ed. 2d 318 (1987)]. A plaintiff invoking *Grable* as the basis for federal jurisdiction must still show that the alleged federal issue arises on the face of the complaint. "Th[is] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

*Schleider v. GVDB Operations, LLC*, -- F.4th --, No. 21-11765, 2024 WL 4630723, at *11 (11th Cir. Oct. 31, 2024). "[T]he Supreme Court has explained that '*Grable* exemplifies' a 'slim category' of cases," *Adventure Outdoors, Inc.*, 552 F.3d at 1296 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)), and "*Grable* emphasized that it takes more than a

federal element 'to open the "arising under" door.' " *Empire Healthchoice*, 547 U.S. at 701 (quoting *Grable*, 545 U.S. at 313).

    I.D.'s notice of removal fails to show that any federal issue arises on the face of the subject dependency petition. Rather, the only federal issues I.D. invokes are assertions of his own rights against the dependency proceedings.[4] However, federal question jurisdiction cannot be predicated on I.D.'s defenses to the subject petition, or his complaints about the conduct of the juvenile court proceedings, as it is well established that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense[, n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009).

    This case is materially similar to *Jimenez v. Wizel*, 644 F. App'x 868, 870 (11th Cir. 2016) (per curiam) (unpublished).[5] In that case, the father filed suit in federal district court "requesting removal of a state court child custody dispute between him and his ex-wife-wife,…alleg[ing] (1) that the state court violated his First Amendment right to freely exercise his religion and his Fourteenth Amendment liberty interest in parenting his two children when it ordered he could only have

---

[4] For instance, I.D. claims that the dependency proceedings are "interfering with his fundamental rights to a fair trial" and to "direct the association, care, custody, and control of" his child (Doc# 1, PageID.1; that the juvenile court has "exhibited a series of biased arbitrary acts against him[,]" causing him to "question[] its impartiality" (*id.*, PageID.2); and various violations of his "due process rights" (*id.*, PageID.2-3).

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority."). The undersigned finds the expressly discussed reasoning from the unpublished opinions cited herein to be persuasive on the relevant issues.

supervised visitation based on [the father]'s religious practices and beliefs; and (2) the state court violated his due process rights by failing to give him an opportunity to contest the allegations against him or adequate notice of the hearing." *Jimenez*, 644 F. App'x at 869. "The district court determined it lacked jurisdiction over the state court proceedings[,]" and the Eleventh Circuit affirmed that determination on appeal, holding that the child custody dispute was not an action "arising under" federal law for purposes of § 1331, and that "the violations [the father] alleges stem in whole from the ongoing state court's adjudication of the dispute between him and his wife regarding the forthcoming custody arrangement[,]" therefore making "removal under § 1441…improper." *Id.* at 869-70. The same is true of I.D.'s claims here.[6]

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court **REMAND** this case *sua sponte* to the Juvenile Court of Mobile County, Alabama, for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[6] I.D. also claims jurisdiction under 28 U.S.C. § 1367, but that section only "provides for supplemental jurisdiction over additional claims in cases where there is already an independent basis for jurisdiction," which I.D. has not shown. *Comack, v. Commissioner, Social Security Admin.*, No. 23-11115, 2024 WL 4719238, at *3 (11th Cir. Nov. 8, 2024) (per curiam) (unpublished).
    While I.D. has not alleged diversity of citizenship under 28 U.S.C. § 1332(a) as another basis for subject-matter jurisdiction, it should be noted that the Supreme Court has recognized a "domestic relations exception" to diversity jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

## **NOTICE TO *PRO SE* PARTY**

Documents filed by *pro se* parties must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order

to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). I.D. is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (quotation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until I.D. registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of

Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his or her signature in order to satisfy Rule 11(a).[7] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by

---

[7] *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[8]

I.D. is encouraged to review the Court's informational resources for *pro se* litigants, available electronically on the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney.

**DONE** this the **14th** day of **November 2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders